UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CANDACE SEARCY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-3411-B |
| | § | |
| WELLS FARGO HOME MORTGAGE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Wells Fargo Home Mortgage's ("Wells Fargo") Motion to Dismiss Plaintiff's Petition. Doc. 18. For the reasons that follow, the Court concludes that the Motion should be, and hereby is, **GRANTED**.

## I.

## BACKGROUND

A.    *Factual Background*

On September 30, 2011, Plaintiff executed a promissory note (the "Note") in the amount of $127,357.00 and made payable to AmeriPro Funding, Inc. ("AmeriPro") in connection with the purchase of property located at 112 Drover Ridge Drive, Newark, Texas 76071 (the "Property"). Docs. 1-4, Petition 1; 19, Appendix in Support of Motion to Dismiss 001–004, Ex. A – Note. The Note requires Plaintiff to make monthly principal and interest payments on the first day of each month in the amount of $645.30, beginning on November 1, 2011. Note ¶ 3. The Note further provides that if Plaintiff does "not pay the full amount of each monthly payment on the date it is due, [she] will be in default." Note ¶ 6(B). As the endorsee of the Note, Wells Fargo was the mortgagee

and servicer of the loan through foreclosure. *See* App. Note at p. 3.

Plaintiff's Note is secured by a Deed of Trust. App. 005–026, Ex. B – Deed of Trust. The named beneficiary under the Deed of Trust is Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for AmeriPro and its successors and assigns. Deed of Trust at p. 2. On September 5, 2013, MERS assigned its beneficial interest in the Deed of Trust to Wells Fargo. App. 031–034, Ex. E – Assignment of Deed of Trust. The Deed of Trust provides that Plaintiff "shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment and late charges due under the Note." Deed of Trust ¶ 1. It also requires Plaintiff to pay for certain "Escrow Items," which include "taxes and assessments" on the Property. *Id.* ¶¶ 1, 3. Should Plaintiff default on these required payments, the Deed of Trust authorizes Wells Fargo to accelerate the balance owed on the Note and to conduct a foreclosure sale. *Id.* ¶ 22.

According to Plaintiff, Wells Fargo misapplied or increased Plaintiff's escrow payments in May 2013, causing her mortgage payment to increase from $700 a month to $1,151 a month. Petition 1. As a result, Plaintiff concedes that she stopped making payments on her mortgage. *Id.* at 2.

On July 1, 2014, Plaintiff began working with the Neighborhood Assistance Corporation of America ("NACA") to obtain a modification of her home mortgage loan. *Id.* at 1. According to Plaintiff, she submitted her loan modification request, along with all required documentation, to Wells Fargo on July 23, but her application was denied for "illegitimate reasons." *Id.* at 1.

On July 28, 2014, Wells Fargo informed Plaintiff that it planned to proceed to foreclosure and scheduled the foreclosure sale for September 2, 2014. *Id.* at 1–2. Although not stated in the petition, Wells Fargo has since informed the Court that it foreclosed on the Property on November 4, 2014. Motion to Dismiss 4, n.7.

B.    *Procedural Background*

On August 18, 2014, Plaintiff filed the present lawsuit in state court. In her petition, Plaintiff asserts claims for breach of contract, fraud, and violations of the Truth In Lending Act ("TILA") based on her allegations that Wells Fargo misapplied escrow payments, unlawfully increased her mortgage payments, and denied her loan modification for "illegitimate reasons." Petition 1–2. In its present motion, Wells Fargo requests that the Court dismiss Plaintiff's petition under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. This motion is now ripe for review.

## II.

## LEGAL STANDARD

The Court reviews Wells Fargo's motion to dismiss under Rules 8(a)(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. According to Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief

that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

## III.

## ANALYSIS

Applying the above-standard, and as discussed in detail below, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the Court grants Wells Fargo's motion to dismiss Plaintiff's petition.

A.    *Breach of Contract*

The Court first considers Plaintiff's breach of contract claim. To prevail on a breach of contract claim under Texas law, a plaintiff must establish "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

In her petition, Plaintiff alleges that Wells Fargo breached its "mortgage contract" with Plaintiff by misapplying escrow payments and increasing Plaintiff's monthly mortgage payment from

$700 to $1,151. Petition 1. As Wells Fargo correctly observes, however, neither the Note nor the Deed of Trust contain any provisions stating that the amount of Plaintiff's escrow payments cannot increase. Mot. to Dismiss 9. To the contrary, the Deed of Trust expressly obligates Plaintiff to pay for certain "Escrow Items," such as property taxes, which are liable to increase over time along with the value of the Property.[1] *See* Deed of Trust ¶¶ 1, 3. In light of this fact, Plaintiff must do more than merely state in conclusory fashion that unspecified escrow payments were misapplied. At the very least, she must identify which payments were misapplied and state her reasons for believing they were misapplied—i.e., explain that they did not increase for reasons permitted by the Deed of Trust. As it stands, the Court cannot reasonably infer that Wells Fargo breached the Note or Deed of Trust by misapplying Plaintiff's escrow payments or increasing her monthly payment from $700 to $1,151.

B.      Fraud

       The Court next considers Plaintiff's fraud claim. "The elements of common law fraud under Texas law are (1) a material misrepresentation; (2) that is false; (3) made with knowledge of its falsity or recklessness as to its truth; (4) made with the intention that it should be acted upon by another party; (5) relied upon by the other party, and (6) causing injury." *Flaherty & Crumine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 212 (5th Cir. 2009). When asserting such a claim for fraud in federal court, moreover, "a party must state with particularity the circumstances constituting fraud of mistake." Fed. R. Civ. P. 9(b). This means that the plaintiff must "specify the

---

[1] In fact, according to the Wise County Appraisal District, the value of the Property increased in 2012 from $10,060 to $126,850, likely causing a concomitant rise in Plaintiff's property taxes and escrow payments. *See* Ex. G – Appraisal. Although this fact is not critical to the Court's decision, as a matter of public record, the Court may take it into consideration in assessing the plausibility of Plaintiff's claim. *See Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) ("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record").

statements contended to be fraudulent, identity the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). Put another way, the plaintiff must detail the "who, what, when, where, and how" of the alleged fraud. *Id.* at 119.

In this case, Plaintiff does not specify the who, what, when, where, or how of the alleged fraud. *See Williams*, 112 F.3d at 177. Absent from her petition are any allegations that Wells Fargo made a false representation to Plaintiff with knowledge of its falsity and with the intent that Plaintiff act on such representation. *See Flaherty*, 565 F.3d at 212. Nor does Plaintiff alleged that she acted in reliance on any representation that Wells Fargo may have made and suffered an injury as result. *Id.* Thus, Plaintiff has failed to state sufficient facts to support a claim for fraud against Wells Fargo under Rule 9(b)'s heightened pleading standard.

C.    *TILA*

Plaintiff further claims that Wells Fargo violated TILA by unlawfully increasing her Loan payments. Petition 2; *see also* doc. 12, Motion for TRO ¶ 8. As Wells Fargo points out, however, Plaintiff has provided the Court with no authority to support such a theory of liability, nor does TILA appear to create such a cause of action. Rather, TILA provides a borrower with the right to rescind a loan where the loan is secured by a mortgage in the borrower's principal dwelling and the creditor fails to make certain material disclosures required by the Act. *See* 15 U.S.C. § 1635. Because Plaintiff does not allege that Wells Fargo or AmeriPro, the originator of the Loan, failed to make any of disclosures required under the Act, Plaintiff has failed to state a claim under TILA.

E.    *Wrongful Foreclosure*

Finally, based on her allegations that Wells Fargo denied her loan modification for

"illegitimate reasons" and proceeded to foreclose on the Property while Plaintiff was still in loan modification discussions with NACA, Plaintiff appears to assert a claim for wrongful foreclosure.[2] *Id.* at 1–2. To prevail on a wrongful foreclosure claim under Texas law, Plaintiff must show that there was a defect in Wells Fargo's foreclosure process that caused the Property to sell for a grossly inadequate price. *See Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 766 (N.D. Tex. 2012) (listing elements of a wrongful foreclosure claim). Here, however, even assuming that Wells Fargo's foreclosure procedures were defective, Plaintiff has not pleaded any facts from which the Court can infer that Wells Fargo sold the Property for a grossly inadequate price.[3] In fact, Plaintiff has altogether failed to note the foreclosure sale price in her Petition. Accordingly, Plaintiff has failed to state a claim for wrongful foreclosure.

## IV.

## CONCLUSION

For the aforementioned reasons, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted and, therefore, **GRANTS** Wells Fargo's Motion to Dismiss in its entirety. However, since this Order is the Court's first review of Plaintiff's allegations, the Court concludes that Plaintiff should be given the opportunity to overcome the deficiencies noted herein. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) ("[A] court ordinarily should not dismiss the complaint except after affording every opportunity for the plaintiff to state a claim upon

---

[2] In considering Plaintiff's prior motions for temporary restraining orders, the Court treated these allegations as asserting a claim for attempted wrongful foreclosure. However, because Wells Fargo has since foreclosed on the Property, the Court now construes these allegations as asserting a claim for wrongful foreclosure.

[3] Generally, a sale price above 50% of the property value is not grossly inadequate. *Heflin v. Select Portfolio Servicing, Inc.*, No. 3:12-CV-4756-P, 2013 WL 4532666, at *2 (N.D. Tex. Aug. 1, 2013).

which relief can be granted.").

If Plaintiff is able to replead and overcome the grounds for dismissal stated herein, she should do so by no later than thirty (30) days from the date of this Order. Further, any repleading shall be accompanied by a synopsis of no more than ten (10) pages, explaining how the amendments overcome the grounds stated for dismissal in this Order. Should Plaintiff replead, Defendant is hereby granted leave to file a response to Plaintiff's synopsis. Any response shall not exceed ten (10) pages and must be filed within fourteen (14) calender days of the repleading. No further briefing will be permitted.

SO ORDERED.

SIGNED: March 16, 2015.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

-8-